**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

FRANK FARRELL,
            *Plaintiff-Appellee,*

v.

TRI-COUNTY METROPOLITAN
TRANSPORTATION DISTRICT OF
OREGON, a municipal corporation
dba: Tri-Met,
            *Defendant-Appellant.*

No. 06-35484

D.C. No.
CV-04-00296-OMP

OPINION

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Argued and Submitted
May 9, 2008—Portland, Oregon

Filed June 27, 2008

Before: Richard C. Tallman and Richard R. Clifton,
Circuit Judges, and Earl H. Carroll,* District Judge.

Opinion by Judge Carroll

*The Honorable Earl H. Carroll, Senior United States District Judge,
District of Arizona, sitting by designation.

## COUNSEL

Keith M. Garza, Milwaukie, Oregon, for the defendant-appellant.

Daniel Snyder, Portland, Oregon, for the plaintiff-appellee.

## OPINION

CARROLL, District Judge:

Appellant Tri-County Metropolitan Transportation District of Oregon ("TriMet") appeals a trial verdict in favor of Appellee Frank Farrell ("Farrell") awarding him $1,110.00 in lost wages under the Family Medical Leave Act (the "FMLA"). TriMet presents a single issue on appeal: Whether the FMLA allows a plaintiff to recover damages for absences from work that were caused by an emotional condition that itself resulted from the employer's wrongful denial of FMLA leave. We affirm.

*Background*

Only a few facts are relevant to our inquiry. Farrell began working for TriMet in 1996. During a pre-employment examination, Farrell learned that he had diabetes. By 2001, Farrell also suffered from eczema, chronic obstructive pulmonary disease, asthma, emphysema and/or chronic bronchitis. In

September 2003, pursuant to the FMLA, Farrell repeatedly requested permission to be absent from work as a result of his medical conditions. TriMet denied several of his requests and, shortly thereafter, Farrell was diagnosed with an adjustment disorder, anxiety and depression.

Farrell sued TriMet under the FMLA, the Americans with Disabilities Act of 1990, the Oregon Family Leave Act ("OFLA"), and the Oregon Rehabilitation Act. Only a subset of Farrell's FMLA and OFLA claims were submitted to the jury. The jury found that TriMet: (1) "wrongly den[ied] one or more requests by [Farrell] for leave under the [FMLA]"; (2) that the "wrongful denial(s) . . . result[ed] in emotional stress or other mental problems that caused [Farrell] to miss additional day(s) of work"; and (3) that Farrell was entitled to $1,110 in lost wages "for days of work that he missed because of stress or other mental problems resulting from the wrongful denial of FMLA leave[.]" After the jury's verdict, TriMet filed a renewed motion for judgment as a matter of law. The district court denied the motion on the grounds that "the relationship between the FMLA violation and the lost wages is not so tenuous or remote as to preclude [Farrell] from recovering his economic damages in the form of lost wages."

On appeal, TriMet admits that it violated the FMLA by denying one or more of Farrell's requests for medical leave. TriMet also does not challenge that its denials caused Farrell to experience emotional distress. TriMet contends, however, that "Congress did not intend FMLA to permit the recovery of consequential or emotional distress damages [which] is what [Farrell] received here . . . when the jury awarded him damages for time loss induced by emotional distress."

***Discussion***

Section 2617 of the FMLA provides that any employer who violates Section 2615 shall be liable to any eligible employee affected, for damages equal to the amount of:

(I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or

(II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks . . . of wages or salary for the employee . . . .

29 U.S.C. § 2617(a)(1)(A)(i). Farrell contends he is entitled to damages under Section 2617 because the anxiety and depression he suffered as a result of TriMet's denial of his requests for FMLA leave "caused [him] to be unable to work as a bus driver and he had to take some days off of work under doctor's orders." In other words, Farrell seeks damages equal to "wages . . . lost . . . by reason of the violation." 29 U.S.C. § 2617(a)(1)(A)(i)(I).

   **[1]** It is well-settled that the FMLA, by its terms, "only provides for compensatory damages and not punitive damages." *Liu v. Amway Corp.*, 347 F.3d 1125, 1133 n.6 (9th Cir. 2003) (citing 29 U.S.C. § 2617(a)). The Sixth Circuit recently explained that recovery for emotional distress is not available under the FMLA "[b]ecause the FMLA specifically lists the types of damages that an employer may be liable for, and it includes damages only insofar as they are the *actual monetary losses* of the employee such as salary and benefits and certain liquidated damages". *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1007 (6th Cir. 2005) (emphasis added)*; accord Rodgers v. City of Des Moines*, 435 F.3d 904, 908-09 (8th Cir. 2006); *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1277 (10th Cir. 2001); *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1284 (11th Cir. 1999); *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 930 (5th Cir. 1999); *Cianci v. Pettibone Corp.*, 152 F.3d 723, 728-29 (7th Cir. 1998).

**[2]** Here, the jury's verdict reflects that Farrell was not awarded FMLA damages for emotional distress, but rather "*for days of work that he missed* because of stress or other mental problems resulting from the wrongful denial of FMLA leave." (Emphasis added). Unlike emotional distress, which requires valuating an intangible, *see, e.g. Brumbalough*, 427 F.3d at 1007-08, this calculation can easily be quantified, in accordance with Section 2617, as an "actual monetary loss[ ]," *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 740 (2003), by determining the wages Farrell would have earned on the days he could have worked, but was unable to do so because of TriMet's violation.

**[3]** The jury's verdict in this case is consistent with Tri-Met's position that "Congress decided that aggrieved employees must bear the cost of their own psychological damages when it comes to harm caused by employers violating FMLA" because the verdict does not require TriMet to compensate Farrell for "psychological damages." Rather, the verdict requires TriMet to compensate Farrell for the wages he lost "by reason of [its] violation." 29 U.S.C. § 2617(a)(1)(A)(i)(I). The jury's verdict was limited to wages actually lost as a result of TriMet's FMLA violation, and thus, the award was not "a back-door means of recovery for psychic injuries."

The actual issue presented on appeal is straightforward and requires no reworking of established precedent. TriMet violated the FMLA and Farrell was awarded $1,110 in lost wages for days of work that he missed as a result of TriMet's violation.

   **AFFIRMED.**